UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 18-7734 JGB (PVC)                               Date:  August 26, 2020

Title         Bryon Keith Street v. Robert Neuschmid, Warden

Present:  The Honorable Pedro V. Castillo, United States Magistrate Judge

| Marlene Ramirez | None |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None | None |

**PROCEEDINGS:**   [IN CHAMBERS]  ORDER TO SHOW CAUSE WHY THE STAY IN THIS ACTION SHOULD NOT BE LIFTED FOR PETITIONER'S FAILURE TO FILE A HABEAS PETITION IN THE CALIFORNIA SUPREME COURT

On October 21, 2019, the Court granted Petitioner's motion for a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005).  ("Stay Order," Dkt. No. 24).  As a condition of the stay, Petitioner was ordered to file a status report beginning on November 11, 2019 and every forty-five days thereafter.  (*Id.* at 7).  Petitioner was instructed that each status report "must set forth the status of the state habeas petition and all activity that has occurred since the filing of the previous Status Report.  Petitioner shall attach a current copy of the docket sheet and any orders or decisions that the state court has issued." (*Id.*).  The Court expressly cautioned Petitioner that the "[f]ailure to file a required Status Report in accordance with this Order will result in a recommendation that this action be dismissed with prejudice for failure to prosecute and/or failure to comply with Court orders." (*Id.*) (emphasis omitted).

After obtaining an extension, Petitioner filed his first status report on December 30, 2019.  (Dkt. No. 27).  The next status report was due by February 13, 2020.  However, Petitioner did not file a status report or request an extension in which to do so.  Accordingly, on May 8, 2020, the Court issued an Order to Show Cause Why the Stay in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 18-7734 JGB (PVC)                                      Date: August 26, 2020

Title          Bryon Keith Street v. Robert Neuschmid, Warden

this Action Should Not Be Lifted for Petitioner's Failure to File a Status Report. ("OSC," Dkt. No. 29).

On May 26, 2020, Petitioner filed a response to the OSC in which he stated that he is "permanently housed in a hospital setting and has been restricted from movement to the law library due to quarantines." ("OSC Response," Dkt. No. 30 at 1). Petitioner asserts that he does not have access to the copier or legal forms, and has no ability to "notify all the parties that are a part of the action." (*Id.*). Pursuant to the Court's Order requiring status reports every forty-five days, Petitioner's next status report was due by July 10, 2020. However, as of the date of this Order, Petitioner has neither filed a status report nor otherwise communicated with the Court.

Petitioner's apparent refusal to pursue exhaustion is difficult to understand. Eight of the ten claims raised in Petitioner's federal Petition were unexhausted when he filed this action. (*See* Stay Order at 1). However, by the time the Court granted Petitioner a *Rhines* stay on October 21, 2019, Petitioner had already filed habeas petitions to exhaust those claims in the Los Angeles County Superior Court and the California Court of Appeal. (*See* Dkt. No. 23, Lodgment 7 (Superior Court habeas petition); Lodgment 8 (May 18, 2018 reasoned Order denying petition); Lodgment 9 (Court of Appeal habeas petition); Lodgment 10 (September 11, 2019 Order denying petition without prejudice)). Accordingly, by the time the stay was granted, Petitioner had already articulated and presented his unexhausted claims to three courts. And yet, in the more than **ten months** since the stay in this case issued, he has failed to present those same claims to the California Supreme Court. He has also failed to apprise this Court of his efforts to exhaust on the schedule required by the Stay Order. This case appears to be at an impasse largely of Petitioner's own making.

Accordingly, Petitioner is ORDERED TO SHOW CAUSE, within **thirty days** of the date of this Order, why the stay in this action should not be lifted for Petitioner's failure to file a habeas petition in the California Supreme Court. Petitioner may discharge this OSC by filing either a status report attaching a copy of the habeas petition

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 18-7734 JGB (PVC)                              Date:  August 26, 2020

Title        Bryon Keith Street v. Robert Neuschmid, Warden

submitted to the California Supreme Court, or a declaration, under oath, explaining why he is unable to do so.  If Petitioner maintains that the next step in exhausting his claims requires a return to the lower state courts, his declaration must show what he has what he has done in that regard.

     Petitioner is cautioned that he has an obligation to diligently move his case forward and may not ignore that obligation, or the Court's Stay Order requiring him to file regular status reports, without consequence.  *See Rhines*, 544 U.S. at 278 ("[D]istrict courts should place reasonable time limits on a petitioner's trip to state court and back.").  The Stay Order expressly warned Petitioner:

> Petitioner is advised that it is his responsibility to move his case forward.  He must diligently pursue exhaustion of his claims in the state courts.  His failure to do so may be grounds for the Court to dismiss his claims for failure to exhaust.

(Stay Order at 7).  Petitioner is once again advised that if the stay is lifted, the Court may recommend that the Petition be dismissed as "mixed" because it contains exhausted and unexhausted claims.

     Alternatively, if Petitioner no longer wishes to pursue some or all of his claims, he may voluntarily dismiss this action or his unexhausted claims.  If Petitioner elects to dismiss his unexhausted claims, this action will proceed only on any surviving exhausted claims.  Petitioner is cautioned, however, that if he voluntarily dismisses his unexhausted claims, those claims may be barred as untimely or successive if he attempts to reassert them in a future habeas action.  **A blank notice of dismissal is attached for Petitioner's convenience.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 18-7734 JGB (PVC)                        Date:  August 26, 2020

Title       Bryon Keith Street v. Robert Neuschmid, Warden

**Petitioner is expressly warned that the failure to respond to this Order to Show Cause by the Court's deadline may result in a recommendation that this action be dismissed for failure to prosecute and obey court orders pursuant to Federal Rule of Civil Procedure 41(b).**

IT IS SO ORDERED.

|  | 00:00 |
|---|---|
| **Initials of Preparer** | mr |