UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYON KEITH STREET,<br><br>               Petitioner,<br><br>   v.<br><br>ROBERT NEUSCHMID,<br><br>               Respondent. | Case No.: 2:18-cv-07734-MEMF(PVCx)<br><br>**ORDER ADOPTING IN PART AND MODIFYING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [ECF NO. 50] AND DENYING PETITION FOR WRIT OF HABEAS CORPUS [ECF NO. 1]** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus (ECF No. 1), all the records and files herein, the Report and Recommendation of the United States Magistrate Judge (ECF No. 50),[1] and Petitioner's Objections (ECF No. 52), Supplemental Objections (ECF No. 55), and Second Supplemental Objections (ECF No. 56) (hereinafter referred to collectively as "Objections"). After having made a *de novo* determination of the portions of the Report and Recommendation to which Objections were directed, the Court ADOPTS in part and

---

[1] Magistrate Judge Castillo's report and recommendation was directed to District Judge Jesus G. Bernal, who was originally assigned this case. ECF No. 50. On February 10, 2023, pursuant to an Order of the Chief Judge, the case was reassigned to this Court. ECF No. 51.

1  MODIFIES in part the findings and recommendations of the Magistrate Judge as this Court's
2  findings and conclusions.

### I. Petitioner's Objections

Petitioner's Objections largely reassert prior arguments that were addressed and rejected in the Report and Recommendation. To the extent that Petitioner attempts to introduce new evidence and raise new claims in his Objections, this Court declines to consider them. *See Brown v. Roe*, 279 F.3d 742, 744–45 (9th Cir. 2002) (stating that a district court has discretion, but is not required, to consider evidence or claims presented for the first time in objections to a report and recommendation). Otherwise, Petitioner's Objections lack merit for the reasons stated in the Report and Recommendation.

In his Objections, Petitioner requests an evidentiary hearing regarding his claim that there was insufficient evidence to convict him of special circumstance murder during the commission of a burglary. Second Supplemental Objections at 53–58. Section 2254(e)(2), which governs evidentiary hearings under AEDPA, provides in relevant part that when a habeas petitioner fails to develop the factual basis of a claim in state court, a federal district court may not hold an evidentiary hearing unless the claim relies on a new rule of constitutional law made retroactive on collateral review or is based on a factual predicate that could not have been previously discovered through the exercise of due diligence, and "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2). However, if a state court adjudicated the prisoner's claim on the merits, the Supreme Court instructs that habeas review is "limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). "[E]vidence later introduced in federal court is irrelevant to §2254(d)(1) review." *Id.* at 184.

Petitioner does not attempt to identify any specific facts that he was unable to develop in state court that would warrant an evidentiary hearing under § 2254(e)(2). Instead, he argues that some of the testimonial and scientific evidence used at trial should have been excluded and, even if properly admitted, was not credible. All this evidence, however, was known to Petitioner at the time

of trial. Moreover, none of Petitioner's allegations establish by clear and convincing evidence that he was not guilty of the underlying offense. Nevertheless, even if Petitioner had identified new facts that he was unable to develop in state court regarding his claim of insufficient evidence, that claim was adjudicated on the merits in state court. Accordingly, this Court's review of that claim is limited to the state court record. *Pinholster*, 563 U.S. at 181. Finally, as to all of Petitioner's claims, an evidentiary hearing is unnecessary because the instant claims are all resolvable on the current record. *See Cook v. Kernan*, 948 F.3d 952, 971 (9th Cir. 2020) ("If the record contains a sufficient factual basis that 'refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.'" (quoting *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007))); *see also Downs v. Hoyt*, 232 F.3d 1031, 1041 (9th Cir. 2000) ("[T]he fact that a hearing would be permitted does not mean that it is required. The district court retains discretion whether to hold one."). Accordingly, Petitioner's request for an evidentiary hearing is denied.

**II.** **Additional Arguments Raised by Petitioner in Petition**

As an initial matter, this Court will note that it appears that Petitioner's Petition raised the following five grounds for relief: (1) there was insufficient evidence to support the felony underlying the special circumstances murder conviction—that is, burglary; (2) much of the evidence against him was the product of an illegal search and therefore prohibited as the "fruit of a poisonous tree"; (3) the trial court judge committed a structural sentencing error in issuing an unauthorized sentence for special circumstances murder as well as first degree murder, and a gun enhancement; (4) the trial court failed to instruct the jury on a lesser included offense; and (5) the trial court violated California Penal Code Section 654 by punishing Petitioner for special circumstances murder (based upon burglary), burglary (with the intent to commit vandalism), and vandalism. ECF No. 1 ("Pet." or "Petition").

Attached to his petition beginning at page 75 is what appears to be another Petition for Writ of Habeas Corpus. Because Petitioner labeled this document "Copy of Habeas For Question #4 page 3 of 11," and because it is comprised of the California Judicial Council form for state habeas petitions, it appears that it is merely a copy of the habeas petition that Petitioner filed in the state court. It appears that Petitioner merely intended it to be additionally responsive to the questions on

the federal habeas form regarding prior Petitions for Review and prior habeas petitions. This habeas petition raises the following grounds: (1) denial of due process due to insufficient evidence to support murder, burglary, and special circumstances findings, Pet. at 5, 21–37, 93–95; (2) Petitioner was subject to an illegal search and seizure, *id.* at 5–6, 82; (3) Petitioner was denied due process because of a structural sentencing error, *id.* at 6, 79, 96; (4) the trial court failed to instruct the jury on a lesser included offense, *id.* at 6, 38–44, 77, 95–96; (5) the sentence imposed was an unauthorized sentence because he received multiple punishment for burglary, *id.* at 6–7; (6) Petitioner's defense attorney provided ineffective assistance of counsel, *id.* 7, 81, 98–100; (7) the Court erred by failing to dismiss the firearm enhancement, *id.* at 78; (8) the Court erred in investigating a juror for bias outside the presence of other jurors, and that juror was biased against him, *id.* 83; (9) there was cumulative error, *id.* at 84; and (10) the trial court erred by failing to give a unanimity instruction to the jury, *id.* at 97. It appears that the Respondent treated the grounds set forth in the state habeas petition as grounds being raised in the federal habeas petition, and where they appeared to overlap, treated the grounds as one. Accordingly, the Respondent identified ten grounds and addressed each, renumbering them as needed. The Magistrate Judge took the same approach, and Petitioner does not appear to challenge that approach in his Objections.

For that reason, this Court will also treat the Petition as raising ten grounds. Out of an abundance of caution, this Court will address the following arguments raised by the Petitioner that were not explicitly addressed in the R&R.

### A. Ground 1: Insufficient Evidence to Support Murder, Burglary, and Special Circumstance Findings

In addition to the arguments described in the R&R, Petitioner also points to a number of other pieces of evidence (or absence thereof) that he believes call into question his conviction—particularly with respect to the felony murder, burglary, and burglary special circumstance findings. Pet. at 80, 88, 89–91, 93–95. Given the standard this Court must apply—namely, *de novo* review—even crediting Petitioner's description of this evidence, this Court is unable to grant habeas relief on the basis of any of the evidence presented. The Court adopts the recommendation of the Magistrate Judge that unless this Court could find that no reasonable jury could conclude that the victim's

killing was "intentional, deliberate, and premeditated," Petitioner is not entitled to relief on Ground One.

Petitioner also appears to: (1) argue that the trial court erred by failing to dismiss the special circumstances finding pursuant to California Penal Code § 1385; and (2) request that the Court utilize California Penal Code § 1385 to strike the special circumstances finding. Pet. at 88. With respect to this first argument, this claim is, similar to Ground Seven, premised on California Senate Bill No. 620, which amended the state's sentencing laws and gave trial courts the discretion to strike gun enhancements under California Penal Code §§ 12022.5(c) and 12022.53(h). *See People v. Billingsley*, 232 Cal. Rptr. 3d 277, 279–80 (Ct. App. 2018). These Sections provide: "The court may, in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section." *Id.* at 280 n.7. Because this claim involves only the discretionary application of state law, it too is not cognizable on federal habeas review. *See Souch v. Schaivo*, 289 F.3d 616, 622–23 (9th Cir. 2002) (finding petitioner's challenge to trial court's exercise of discretion under state sentencing law fails to state federal habeas claim); *Williams v. Borg*, 139 F.3d 737, 740 (9th Cir. 1998) (noting that federal courts in state habeas cases address only federal constitutional violations, not "abuse of discretion" under state law).

With respect to Petitioner's request that the Court utilize California Penal Code § 1385 to strike the special circumstances finding, under § 1385, a judge or magistrate may, on its own motion and "in furtherance of justice," strike or dismiss an enhancement. CAL. PENAL CODE § 1385(b)(1). "A court's discretion to strike [or vacate] prior felony conviction allegations [or findings] in furtherance of justice is limited" and must be "in furtherance of justice." *People v. Williams*, 948 P.2d 429, 435 (Cal. 1998) (quoting *People v. Superior Court (Romero)*, 917 P.2d 628, 648 (Cal. 1996)). However, Petitioner presents no evidence or argument indicating that striking or dismissing the special circumstances finding is warranted "in furtherance of justice." CAL. PEN. CODE § 1385(b)(1). As a result, the Court declines to grant relief on this ground.

**B.  Ground 3: Unauthorized Sentence**

In addition to alleging that to punish him for burglary and vandalism would be impermissible double punishment, Petitioner also alleges that punishing him for special circumstances murder

(based upon burglary) as well as for burglary itself is impermissible double punishment. Pet. at 96–97. As discussed in the Recommendation, however, the burglary punishment was stayed by the trial court. It appears that Petitioner thinks this is insufficient to cure this Section 654 issue, but he is incorrect. Because the purported sentencing error was corrected by staying the sentence on one of his offenses, the issue is moot. *See United States v. Horodner*, 993 F.2d 191, 193 (9th Cir. 1993) (concluding that claim challenging sentence was moot where sentence was corrected); *see also Bridges v. Thomas*, 2017 WL 2389977, at *13 (C.D. Cal. Apr. 18, 2017) (finding § 654 sentencing claim moot on habeas review after state trial court stayed sentence on one count). But even if it were not, there is no cognizable federal habeas claim from a Section 654 violation. *Watts v. Bonneville*, 879 F.2d 685, 687 (9th Cir. 1989) (rejecting claim alleging misapplication of CAL. PENAL CODE § 654 because § 2254(a) "authorizes the federal courts to grant habeas corpus relief only for violations of federal law").

### C.  Ground 4: Jury Instructional Error

In addition to pointing out an alleged failure to instruct on a lesser included offense, Petitioner also points to an alleged failure of the trial court to instruct on a "1ˢᵗ aggressor" theory. Pet. at 77. Petitioner has failed to explain this assertion, but it appears that he is alleging the trial court should have provided instructions to the jurors along the lines that if the jury believed that the victim "was the first aggressor in the difficulty which resulted in what occurred, then the defendant was not obliged to fly or run, but had the right to stand [his] ground and repel any assault or threatened assault." *People v. Moore*, 275 P.2d 485, 525 (Cal. 1954). A court is bound to instruct on a defense theory "*only* when the evidence warrants such an instruction." *Hopper v. Evans*, 456 U.S. 605, 611 (1982) (emphasis in original); *see also Solis v. Garcia*, 219 F.3d 922, 929 (9th Cir. 2000) (holding that the failure to instruct the jury on voluntary and involuntary manslaughter did not violate due process "because there was not substantial evidence to support either charge"). Here, Petitioner is not entitled to relief because the California courts reasonably concluded that the evidence presented at trial did not support an imperfect self-defense—or a "1ˢᵗ aggressor"—instruction. The California Court of Appeal noted that the evidence does not reasonably suggest that Petitioner believed he was in imminent danger or that the victim was the initial aggressor when he

shot the victim; rather, the evidence supported the opposite conclusion—that Petitioner had a preconceived plan to kill the victim. *People v. Street*, Case No. B267285, at 21 (Cal. Ct. App. June 21, 2017); *see also* Pet. at 67. Moreover, in order for an erroneously omitted instruction to have violated Petitioner's due process rights, the error must have resulted in actual prejudice. *See Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). Actual prejudice occurs where the instructional error "had a substantial and injurious effect or influence in determining the jury's verdict." *Id.* at 637. Given the lack of evidence supporting any claim of imperfect self-defense, the failure to give a "1st aggressor" instruction could not have had a substantial or injurious effect on the jury's verdict.

### D. Ground 8: Voir Dire Violation

In addition to alleging juror bias because one of the jurors indicated he may know the Petitioner, the Petitioner also points to the fact that this juror was apparently questioned outside the presence of the other jurors as voir dire error. Pet. at 83.

With respect to questioning Juror No. 6 outside of the other jurors, the Court finds no grounds for relief. Juror No. 6's indication of a potential prior acquaintance with the Petitioner suggested the possibility of juror bias and the introduction of extrinsic evidence; as a result, the state court was correct to investigate the potential bias in the way it did. *See Dyer v. Calderon*, 151 F.3d 970, 974 (9th Cir. 1998) (en banc) ("A court confronted with a colorable claim of juror bias must undertake an investigation of the relevant facts and circumstances."). The approach that the court adopted in investigating the potential bias was appropriate. *See United States v. Mills*, 280 F.3d 915, 921–22 (9th Cir. 2002) (affirming district court's procedure of interviewing jurors separately in order to determine extent of potential juror bias). Accordingly, Petitioner's claim in Ground Eight fails to warrant habeas relief.

### E. *Brady* Violations

Although not one of the ten enumerated grounds raised by Petitioner, the state habeas petition also appears to allege a *Brady* violation without specifying what allegedly exculpatory evidence was withheld from Petitioner. Pet. at 92. As a result, Petitioner's arguments with respect to *Brady* are based on mere speculation. *See Wood v. Bartholomew*, 516 U.S. 1, 6 (1995) (holding that "mere speculation" is insufficient to find evidence material under *Brady*); *see also Jones v. Gomez*,

66 F.3d 199, 204 (9th Cir. 1995) (rejecting *Brady* claim where petitioner provided only conclusory allegations unsupported by specific facts). The state court therefore did not err in denying habeas relief on this ground.

**F. Ground 9: Cumulative Error**

Out of an abundance of caution, because the Court has addressed arguments not addressed in the Report and Recommendation, the Court will consider the Petitioner's cumulative error argument in relation to these additional arguments raised by the Petitioner. In Ground Nine, Petitioner asserts a claim of cumulative error, contending that the "total effect of multiple trial court errors" violated his rights to due process and a fair trial. Pet. at 84. As the Report notes, "[c]umulative error applies where, although no single trial error examined in isolation is sufficiently prejudicial to warrant reversal, the cumulative effect of multiple errors may still prejudice a defendant." *Mancuso v. Olivarez*, 292 F.3d 939, 957 (9th Cir. 2002), *overruled on other grounds by Slack v. McDaniel*, 529 U.S. 473 (2000).

Considering the additional contentions raised by the Petitioner, the Court nevertheless still finds that the Petitioner has not shown any instance of constitutional error in his underlying claims, let alone multiple errors that combined to prejudice the outcome of his trial. As a result, Petitioner's claim of cumulative error necessarily fails. Accordingly, Petitioner's claim in Ground Nine fails to warrant habeas relief.

IT IS ORDERED that the Petition is DENIED, and Judgment shall be entered dismissing this action with prejudice.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on counsel for Petitioner and counsel for Respondent.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 15, 2023

MAAME EWUSI-MENSAH FRIMPONG
United States District Judge